The question propounded by the court of appeal is this:
"Are the acts of the Legislature mentioned herein [Act 338 of 1940 as amended by Act 79 of 1942 and by Act 256 of 1946] vulnerable to the plea of unconstitutionality tendered and urged by the defendant"?
My opinion is that Act No. 338 of 1940 as amended by Act No. 79 of 1942 and by Act No. 256 of 1946 is unconstitutional. I base this opinion upon the fact that the provisions of the act have no direct relation to *Page 15 
the mischiefs at which, in the title and preamble, the act is said to be aimed, or to the purposes which, according to the title and preamble, are intended to be accomplished. The title and preamble are not at all appropriate to the avowed purpose for which the statute was enacted. The statute, including the title and preamble, was copied from or patterned after statutes adopted originally in other states. See Virginia Acts of 1938, Ch. 441; Arizona Laws of 1939, Ch. 39; Idaho Laws of 1939, Ch. 209; Wisconsin Laws of 1939, Ch. 56. The title and preamble of the Louisiana statute have never been amended in any way since they were adopted originally as the title and preamble of Act 338 of 1940. It appears to me — I say with great respect — that the original composer of this title and preamble had an exaggerated idea of the things to be accomplished and the evils to be abolished by the adoption of the act. Competition is the life of trade. A merchant putting out and advertising "loss leaders" in his stock of merchandise cannot possibly do injury to his customers or to the general public. Such practice can affect adversely only competitors in business, by stimulating competition. No merchant can continue indefinitely or for a great length of time to advertise and sell "loss leaders" without putting himself out of business. He has as much right to put himself out of business in that way as he would have to close his door and leave the field to his competitors whenever he sees fit. Besides, a customer who goes to a store to buy a so-called "loss *Page 16 
leader", whether it be a carton of cigarettes or any other article of merchandise, is not obliged to buy anything else. If he sees fit he may buy only the "loss leader", within the limits of the quantity which the advertiser is willing to sell to any one buyer.
And now, for the purpose of showing why I consider that the title and preamble to this statute, which originated somewhere outside of Louisiana, is — to say the least of it — farfetched — and misleading — I reproduce here a copy of the title and preamble:
 "AN ACT
"To protect the public against the creation or perpetuation of monopolies and to foster and encourage competition by prohibiting unfair sales and discriminatory practices by which fair and honest competition is destroyed or prevented; to define `unfair sales' and to provide remedies for the violations thereof; and to provide penalties for the violation of the provisions of this Act.
"Whereas, the practice of selling certain items of merchandise below cost in order to attract patronage is generally a form of deceptive advertising and an unfair method of competition in commerce; and
"Whereas, such practice causes commercial dislocations, misleads the consumer, works back against the farmer, directly burdens and obstructs commerce, and diverts business from dealers who maintain a fair price policy; and
"Whereas, bankruptcies among merchants who fail because of the competition of those *Page 17 
who use such methods result in unemployment, disruption of leases, and non-payment of taxes and loans, and contribute to an inevitable train of undesirable consequences, including economic depression, now therefore,
"Be it enacted by the Legislature of Louisiana, That" etc.
In the sixth section of the act certain exceptions are made to its applicability, such as bona fide clearance sales, if the merchandise is marked and sold as in such sales, or where perishable merchandise must be sold promptly to prevent a loss, or where merchandise is imperfect or damaged, or the sale of it is being discontinued, provided that the merchandise in such cases is advertised and marked down as being sold for such reason, or where merchandise is sold in the final liquidation of any business, or where it is sold to a relief agency, or to a governmental institution, etc., or where the price of the merchandise is made in good faith to meet competition, or where a sale is made by an officer under an order or the direction of any court. These exceptions to the applicability of the statute are only such as the courts themselves would be apt to observe to prevent injustice. But these exceptions do not save the statute from the plea of unconstitutionality.
The statute contains also what is called a severability clause, declaring that if any section, sentence, clause or provision of the act shall be decreed unconstitutional the *Page 18 
decree shall not impair any valid provision of the act. The severability clause is a matter of no importance in this case because, if the general provisions of the statute are violative of the due process clause in the Fourteenth Amendment of the Constitution of the United States, the statute is entirely unconstitutional.
The due process clause does not permit the Legislature to authorize the several district attorneys and grand juries throughout the state to prosecute — or to authorize the district judges to convict and punish by a fine of $500.00 — a merchant who does nothing worse than to sell a package of cigarettes or any other article of merchandise for a sum less than it cost him.
For these reasons I respectfully dissent from the majority opinion in this case.